**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANTHONY D. AMAKER,

                              **Plaintiff,**


              v.                                    **9:01-CV-877**
                                                    **(FJS/DEP)**

T. KELLEY, J. LANDRY, P. T. JUSTINE,
O. MAYO, T. G. EGAN, D. A. SENKOWSKI,
M. ALLARD, R. GIRDICH, G. S. GOORD,
J. WOOD, DR. I. ELLEN, J. MITCHELL,
H. WORLEY, DR. L. N. WRIGHT, S. NYE,
M. MCKINNON, R. RIVERS, L. CORYER,
A. PAVONE, L. CAYEA, D. ARMITAGE,
J. CAREY, P. W. ANNETTS, R. RIVERA,
E. AIKEN, S. GIDEON, R. LINCOLN,
D. LINSLEY, C. O. GORDON, J. REYELL,
D. CHAMPAGNE, J. KELSH, W. CARTER,
F. BUSHEY, CHO PHILLIP, CHO DROM,
A. J. ANNUCCI, L. J. LECLAIR, D. LACLAIR,
T. L. RICKS, A. BOUCAUD, H. PERRY,
B. BANILER, R. LAMORA, E. LIBERTY,
G. RONSOM. R. MAYNARD, C. DAGGETT,
D. SELSKY, K. M. LAPP, R. SEARS,
J. BABEE, SGT. CHAMPAGNE, DOCTOR
K. LEE, R. VAUGHAN, and M. NISOFF,

                              **Defendants.**
_____

**APPEARANCES**                      **OF COUNSEL**

**ANTHONY D. AMAKER**
**89-T-2815**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**        **JEFFREY P. MANS, AAG**
**STATE ATTORNEY GENERAL**
Department of Law
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Plaintiff's motion for a preliminary injunction, *see* Dkt.

No. 202, Defendants' Suggestion of Death with respect to Defendant Mayo, *see* Dkt. No. 195,

and Plaintiff's cross-motion for substitution of a party Defendant, *see* Dkt. No. 203.

### II. BACKGROUND

Plaintiff commenced this action on June 1, 2001. The Court granted Plaintiff leave to

proceed with this action *in forma pauperis* on September 17, 2001. *See* Dkt. No. 10. The Court

subsequently granted Plaintiff leave to amend his complaint on December 13, 2001. *See* Dkt.

No. 22. Defendants filed their answer to Plaintiff's amended complaint on April 12, 2002. *See*

Dkt. No. 71. On May 13, 2002, this Court once again granted Plaintiff leave to amend his

complaint. *See* Dkt. No. 75. Defendants filed an answer to Plaintiff's second amended complaint

on August 26, 2002. *See* Dkt. No. 122.

Plaintiff's second amended complaint sets forth causes of action against Defendants at

Clinton Correctional Facility and Upstate Correctional Facility for incidents that allegedly

occurred between June 1998 and January 2002.[1]  Plaintiff's claims include deliberate indifference

to his medical needs, inhumane conditions of confinement, denial of access to law library

facilities, retaliation for exercising his right to grieve and seek other forms of redress, racial

discrimination, illegal search and seizure, violation of his privacy rights, and the requirement that

inmates to pay for food and spices required for the Ramadan meal.  *See* Dkt. No. 78.[2]


### III. DISCUSSION

**A.**     **Motion for a preliminary injunction**

        Plaintiff's motion for a preliminary injunction addresses events that occurred in 2006

while he was incarcerated at Attica Correctional Facility, which is located in the Western District

of New York.  *See* Dkt. No. 202.  Plaintiff alleges that various individuals at that Facility violated

his rights to practice his religion and disciplined him for failing to follow directives that would

have resulted in a violation of his religion.  More specifically, Plaintiff, who claims to be a

follower of the Nation of Islam, asserts that prison officials directed him to cut his hair

(dreadlocks) or file a change of religious designation to Rastafarian.  *See id.*  He also contends

that they gave him thirty days to comply with this directive and that, when he refused to comply,

they disciplined him in accordance with Department of Corrections' policy and placed him in the

Special Housing Unit ("SHU").  Plaintiff further alleges that, as a result of being placed in SHU,

---

        [1] Plaintiff has been incarcerated at Southport Correctional Facility since approximately
October 7, 2006.  *See* Dkt. No. 208.

        [2] The Court notes that Plaintiff filed a prior motion for injunctive relief, seeking to enjoin
the requirement that he submit a DNA sample, *see* Dkt. No. 9, which this Court denied in an
Order dated April 10, 2005, *see* Dkt. No. 69

he has been prohibited from attending Nation of Islam services.  *See id.*  Finally, Plaintiff

contends that Officer Rademacher confiscated Plaintiff's legal materials and has not returned

them, thereby impeding his access to the courts.  *See id.*

In opposition to this motion, Defendants have submitted the Department of Corrections'

policies and directives that address Religious Programs and Practices and Inmate Grooming

Standards, an Affidavit from Mark Leonard, who oversees all religious programs, and an

Affidavit from Officer Rademacher.  *See* Dkt. No. 212.  Moreover, Defendants assert that the

allegations and claims set forth in Plaintiff's motion have no relation to the claims set forth in

Plaintiff's second amended complaint.  *See id.*  Finally, Defendants note that Officers Martinez,

Corcoran and Rademacher, who allegedly were involved in the events alleged in the motion, are

not Defendants in this action.  *See id.*

The standard a court must use in considering whether to grant a request for injunctive

relief is well-established in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi*, 967

F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm **and** (2) either (a) likelihood

of success on the merits or (b) sufficiently serious questions going to the merits and a balance of

hardships tipping decidedly toward the party seeking injunctive relief."  *Id.* at 77 (emphasis

added) (affirming district court's denial of inmate's request for preliminary injunction); *see also*

*Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (citation omitted).

Moreover, it is well-settled that, except in limited circumstances not relevant here, a court

may not order injunctive relief as to non-parties to an action or where the relief requested is

unrelated to, and not in furtherance of, the merits of the underlying claims in the complaint.  *See*

Fed. R. Civ. P. 65(d) (stating that "[e]very order granting an injunction . . . is binding only upon

the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).  Plaintiff

is well aware of this rule of law.  *See Amaker v. Goord*, No. 9:03-CV-1003 at Dkt. No. 139

(denying a motion for injunctive relief where the parties and claims involved in the motion were

not the same as those set forth in the underlying action).

As in his prior case, the individuals whom Plaintiff identifies in his motion for a

preliminary injunction as the perpetrators of the alleged wrongful conduct are not Defendants in

this action.  Furthermore, it is clear that the allegations giving rise to this motion are wholly

unrelated to the events and claims set forth in Plaintiff's second amended complaint.

Accordingly, the Court denies Plaintiff's motion for a preliminary injunction.[3]


**B.      Suggestion of Death**

On May 19, 2006, Defendants' counsel filed a Suggestion of Death regarding Defendant

Mayo pursuant to Rule 25 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 195.  The

Suggestion of Death states that Defendant Mayo is deceased, but it does not identify the

representative of Defendant Mayo's estate.  *See id.*

Rule 25 of the Federal Rules of Civil Procedure sets forth the procedures necessary to

substitute the proper individual as a party upon the death of a party.  Rule 25(a)(1) provides that

any party or the "successors or representatives of the deceased party" may file a motion for

substitution.  If none of the parties files a motion for substitution within ninety days after the

---

[3] The Court notes that Plaintiff objected to the Court granting Defendants' request for additional time to respond to this motion.  *See* Dkt. Nos. 209-210.  However, in light of the legal deficiencies of Plaintiff's motion, Plaintiff cannot show that this extension prejudiced him in any way.  Furthermore, the Court subsequently provided Plaintiff with an opportunity to file a reply to Defendants' opposition to his motion.  *See* Dkt. No. 217.

death of a party has been properly suggested on the record, "the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25(a).

In response to the filing of the suggestion of death, Plaintiff filed a motion for substitution, but he does not identify the person to be substituted for Defendant Mayo. *See* Dkt. No. 203. Rather, his motion seeks an Order compelling Defendants to disclose the identity of Defendant Mayo's executor or representative.

In *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998), the Second Circuit held that a statement of fact of death is sufficient to trigger Rule 25(a)(1) even if it does not identify the decedent's legal representative or successor. The Second Circuit also held that, in the event the suggestion of death does not identify the legal representative or successor, a court can extend Rule 25's ninety-day period to permit the identification of that individual and to effect the required service of the motion for substitution. *See id.* The court stated that "[p]lainly, then, if there was an inability or a significant difficulty in identifying [decedent's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution." *Id.*

In this case, Plaintiff's failure to name Defendant Mayo's legal representative and to effect service of his motion in accordance with Rule 4 of the Federal Rules of Civil Procedure requires that the Court deny his motion pursuant to Rule 25(a)(1). However, this denial is **without prejudice** to Plaintiff's right to file a renewed motion for substitution which identifies the person he seeks to substitute as Defendant in this action and on whom service of this motion may be effected as Rule 25 requires.

Furthermore, although it is ultimately Plaintiff's burden to ascertain the identity of

Defendant Mayo's representative, there is no question that a pro se inmate such as Plaintiff has limited resources with which to conduct the necessary inquiry.  Therefore, the Court directs the New York State Attorney General's Office to disclose promptly to Plaintiff and to the Court any information it has, or hereafter requires, regarding the identity of Defendant Mayo's representative. *See Stephens v. American Risk Mgmt Inc.*, Nos. 89CIV2999JSM, 91CIV2898JSM, 1995 WL 479438, *3 (S.D.N.Y. Aug. 14, 1995) (former counsel for deceased defendant directed to provide the plaintiff with information regarding decedent's legal representative's and/or widow's identity and address).  In the event that such information becomes available, Plaintiff may file a renewed motion for substitution and may seek the assistance of the U.S. Marshal in effecting service of that motion on Defendant Mayo's representative in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

After reviewing the parties' submissions and the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a preliminary injunction is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for substitution is **DENIED WITHOUT PREJUDICE** to renew upon identification of Defendant Mayo's representative; and the Court further

**ORDERS** that the New York State Attorney General's Office shall promptly disclose to Plaintiff and to the Court any information it has, or hereafter acquires, regarding the identity of Defendant Mayo's representative; and the Court further

**ORDERS** that the time in which Plaintiff may file a renewed motion for substitution pursuant to Rule 25 is extended to **January 29, 2007**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 20, 2006
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge