UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
ANTHONY D. AMAKER,

        Plaintiff,

 v.                                                                              9:01-CV-877
                                                                                    (FJS)(DEP )

T. KELLEY, SGT., *et al.*

        Defendants.
------------------------------------------------------------------------

**APPEARANCES:**                                  **OF COUNSEL:**

ANTHONY D. AMAKER
Plaintiff, *pro se*
89-T-2815

HON. ANDREW M. CUOMO               JEFFREY P. MANS, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID E. PEEBLES, U.S. MAGISTRATE JUDGE

## DECISION and ORDER

This matter comes before the Court on Plaintiff's Motion for a Stay Proceedings in this action (Dkt. No. 227), and a Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment.  Dkt. No. 232.  Defendants have opposed both Motions.  Dkt. Nos. 231 and 233.

**A.**    **Background.**

This action was filed on June 1, 2001.  Plaintiff was granted leave to proceed with this action *in forma pauperis* on September 17, 2001.  Docket No. 10.  Plaintiff was granted leave to amend his Complaint on December 13, 2001.  Docket No. 22.

Defendants filed their Answer on April 12, 2002.  Docket No. 71.  On May 13, 2002 Plaintiff was again granted leave to amend his complaint.  Docket No. 75.  Thereafter, Defendants filed an Answer on August 26, 2002.   Docket No. 122.

Plaintiff's second amended Complaint sets forth causes of action against Defendants at Clinton Correctional Facility and Upstate Correctional Facility that allegedly occurred between June 1998 and January 2002. Plaintiff's claims include deliberate indifference to his medical needs, inhumane conditions of confinement, denial of access to law library facilities, retaliation for exercising his right to grieve and seek other forms of redress, racial discrimination, illegal search and seizure, violation of Plaintiff's privacy rights, and requiring inmates to pay for food and spices required for the Ramadan meal.  *See* Dkt. No. 78.

Discovery in this action is now closed, and Defendants filed a Motion for Summary Judgment on February 13, 2007.  Dkt. No. 229.  Plaintiff's Response to the Motion was due on March 12, 2007.  Plaintiff has not filed a response to the Motion but, rather, filed a Motion for an Extension of Time to answer the Motion for Summary Judgment.

**B.     Motion to Stay Proceedings.**

On January 31, 2007 Plaintiff filed a Motion to Stay Proceedings in this action. Dkt. No. 227.  Plaintiff seeks a stay of all proceedings until: (1) Defendants "comply to the court prior order and disclose further information on the substitution of party;" (2) Defendants "disclose the identities of defendant Gideon;" and, (3) until the Second Circuit Court of Appeals decides Plaintiff's appeal from the denial of his Motion for injunctive relief.

Defendants oppose the Motion and argue that they have fully complied with the prior Orders of the Court, that Plaintiff has alleged no facts that support his requested relief, and has offered no justification for further delay of this case that has been pending for nearly six years.  Dkt. No. 231.

With respect to the issue of identification of a party for substitution, the Court notes that on May 19, 2006 Defendants filed a suggestion of Death with respect to Defendant May.  Dkt. No. 195.  In the Order addressing the Suggestion of Death, Senior Judge Scullin found that:

> In this case, Plaintiff's failure to name Defendant Mayo's legal representative, and to effect service of his Motion in accordance with Rule 4 of the Federal Rules of Civil Procedure requires that the Court deny his motion pursuant to Rule 25(a)(1).  However, this denial is ***without prejudice*** to Plaintiff's right to file a renewed motion for substitution which identifies the person he seeks to substitute as Defendant in this action and on whom service of the Motion may be effected as required by Rule 25.
>
> Furthermore, although it is ultimately Plaintiff's burden to ascertain the identity of Defendant Mayo's representative, there is no question that a *pro se* inmate such as Plaintiff has limited resources with which to conduct the necessary inquiry.  Therefore, the Court directs the New York State Attorney General's Office to promptly disclose to the Plaintiff and to the Court any information it has, or hereafter acquires, regarding the identity of Mayo's representative.  *See Stephens v. American Risk Mgmt, Inc.*, 1995 WL 479438 (S.D.N.Y. Aug. 14,1995) at * 3 (former counsel for deceased defendant directed to provide plaintiff with information regarding decedent's legal representatives and/or widow's identity and address).  In the event such information becomes available, Plaintiff may file a renewed motion for substitution and may seek the assistance of the U.S. Marshal in effecting service of that motion on Defendant Mayo's representative in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Dkt. No. 218.  Thereafter, on December 29, 2006, the New York State Attorney General filed a letter stating that "this office does not have any information regarding the identity

3

of the legal representative or successor to be substituted for the deceased party, defendant Mayo. Should such information become available to this office, it will be provided to you." Dkt. No. 219.

With respect to Defendant Gideon, the Court notes that the Clerk of Court made inquiry to the Department of Correctional Services with respect to his identity. Dkt. No. 166. However, the response with respect to Defendant Gidoen was that the Department could not identify him as a current or former employee of the Department.[1] Dkt. No. 172.

Finally, with respect to Plaintiff's appeal from the denial of Plaintiff's Motion for Injunctive Relief, Plaintiff has offered the Court no explanation or justification for staying this action pending the appeal. Moreover, in proceeding on the Motion for Summary Judgment, Plaintiff may finally obtain an adjudication on the merits of his legal claims against the Defendants named herein, something that did not occur on the Motion for Injunctive Relief.[2]

For all of the reasons set forth above, Plaintiff's Motion to Stay Proceedings in this action will be denied.

**C.     Motion for Extension of Time.**

On February 28, 2007 Plaintiff filed a Motion for Extension of time to respond to the Motion for Summary Judgment. Dkt. No. 232. In that Motion Plaintiff asserts that

---

[1]The Court notes that the Department of Correctional Services was able to assist in the location and service upon a number of other Defendants. *See* Dkt. Nos. 169 and 173.

[2]Plaintiff's Motion was denied because he sought injunctive relief against individuals who were not parties to this action. *See* Dkt. No. 218.

4

he should be permitted an additional sixty days to respond to the Motion for Summary Judgment because he "just arrived at Wende C.F.,"[3] because he needs to "make copies of essential documents outside record turned over by the defendants," troubles with repair of his typewriter, other pressing legal matters in other courts, alleged mail tampering, and defendants'[4] alleged actions of interfering with this "association with family members." *Id.*

Defendants oppose the Motion due to the aged nature of this case, as well as the fact that the docket in this matter clearly speaks to Plaintiff's ability to litigate the matter while incarcerated in state custody.  Defendants also note that Plaintiff has failed to respond to their demands for discovery and the use of documents "outside the record" will be prohibited based upon that failure.

The bases for the relief set forth in Plaintiff's Motion are not overly compelling.  Nevertheless, the Court is aware of the difficulties faced by inmates in litigating an action *pro se*.  Accordingly, the Court will grant Plaintiff additional time in which to respond to the Motion for Summary Judgment.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Stay this action (Dkt. No. 227) is DENIED, and it is further

ORDERED, that Plaintiff' Motion for an Extension of Time (Dkt. No. 232) is GRANTED.  Plaintiff shall serve his response  to Defendants' Motion for Summary

---

[3] Plaintiff filed a change of address dated December 22, 2006 advising the Court of this change in his address.  Dkt. No. 220.

[4] There are no Wende employees named as a party to this action.

5

Judgment on or before **April 16, 2007**, and it is further

ORDERED, that Defendants' Reply shall be filed and served within **ten (10) days** following Plaintiff's service of his Response to the Motion for Summary Judgment, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  March 15, 2007
        Syracuse, NY

David E. Peebles
U.S. Magistrate Judge