**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY D. AMAKER,**

                              **Plaintiff,**

                                v.                            9:01-CV-877
                                                                       (FJS/DEP)

**T. KELLEY, J. LANDRY, P. T. JUSTINE, O. MAYO,**
**T. G. EGAN, D. A. SENKOWSKI, M. ALLARD, R.**
**GIRDICH, G. S. GOORD, J. WOOD, DOCTOR I.**
**ELLEN, J. MITCHELL, H. WORLEY, DOCTOR**
**L. N. WRIGHT, S. NYE, M. MCKINNON, M.**
**RIVERS, L. CORYER, A. PAVONE, L. CAYEA,**
**D. ARMITAGE, J. CAREY, P. W. ANNETTS,**
**R. RIVERS, E. AIKEN, S.GIDEON, R. LINCOLN,**
**D. LINSLEY, C. O. GORDON, J. REYELL, D.**
**CHAMPAGNE, J. KELSH, W. CARTER, F.**
**BUSHEY, CHO PHILLIP, CHO DROM, A. J.**
**ANNUCCI, L. J. LECLAIR, D. LACLAIR, T. L.**
**RICKS, A. BOUCAUD, H. PERRY, B. BANILER,**
**R. LAMORA, E. LIBERTY, G. RONSOM, R.**
**MAYNARD, C. DAGGETT, D. SELKSKY, K. M.**
**LAPP, R. SEARS, J. BABBIE, SGT. CHAMPAGNE,**
**DOCTOR K. LEE, R. VAUGHAN, and M. NISOFF,**[1]

                              **Defendants.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**ANTHONY D. AMAKER**
**89-T-2815**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff *pro se*

---

[1] Plaintiff filed an amended complaint purporting to add the New York State Senate and New York State Assembly as Defendants, *see* Dkt. No. 78; however, in its May 13, 2002 Order, the Court, while granting Plaintiff leave to amend, denied Plaintiff leave to add these entities as defendants, *see* Dkt. No. 75.

**OFFICE OF THE NEW YORK**                **DAVID B. ROBERTS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants


**SCULLIN, Senior Judge**


## ORDER

In a Report and Recommendation dated September 9, 2008, Magistrate Judge Peebles recommended that this Court grant Defendants' motion for summary judgment on all claims and that the Court deny Defendant Rivera's motion to dismiss as moot. *See* Dkt. No. 249. Plaintiff filed objections to those recommendations. *See* Dkt. No. 251.

Plaintiff makes two objections that have nothing to do with the merits of his claims,. He objects to the fact that Magistrate Judge Peebles did not attach unpublished cases cited in the Report and Recommendation to it and to the recommendation that the Court dismiss Defendants who have not answered or otherwise opposed the complaint. *See id*. 1-2. Plaintiff also objects, generally, to the application of preclusion and other legal doctrines to his claims. Plaintiff's remaining objections, for the most part, are not actually objections, but consist of further legal argument regarding his claims. *See id*. at 2-6. The Court's review of Magistrate Judge Peebles' Report and Recommendation, in light of Plaintiff's objections, demonstrates that Magistrate Judge Peebles correctly applied the appropriate law and that Plaintiff's objections are without

merit.[2]

Therefore, after carefully considering Magistrate Judge Peebles' Report and Recommendation, Plaintiff's objections thereto, as well as the applicable law, and for the reasons stated herein and in Magistrate Judge Peebles' Report and Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Peebles' September 9, 2008 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Defendant Rivera's motion to dismiss is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendants and close this case.

**IT IS SO ORDERED.**

Dated: February 9, 2009
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2] The Court notes that, in addition to Magistrate Judge Peebles' reasoning regarding Plaintiff's complaint about Defendants' allegedly retaliatory searches of his cell, cell searches, even if retaliatory, do not offend the Constitution and are not actionable. *See Bumpus v. Canfield*, 495 F. Supp. 2d 316, 327 (W.D.N.Y. 2007) (citing *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)) (other citation omitted).